## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLENTEOUS MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. <u>RWR08CV1170</u> |
| | ) | |
| | ) | |
| DIMONE LONG, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>GMAC MORTGAGE, LLC'S MOTION TO DISMISS</u>

Defendant GMAC Mortgage, LLC ("GMAC"), by counsel, respectfully requests that the Court dismiss this action against GMAC pursuant to Rule 12(b)(6) due to the Plaintiff's failure to state a claim upon which relief may be granted. The reasons for this motion are set forth in greater particularity in the accompanying Memorandum of Points and Authorities in Support of GMAC's Motion to Dismiss.

Respectfully submitted,

Dated: July 16, 2008

<u>        /s/ Amy S. Owen        </u>
Amy S. Owen (#411601)
Kimberly L. Cole (#495147)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)
aowen@cochranowen.com
kcole@cochranowen.com

*Counsel for GMAC Mortgage, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **GMAC MORTGAGE, LLC'S MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address on this 16th day of July, 2008:

> **EMAIL DELIVERY**
> Dawn R. Jackson
> Baylor & Jackson, PLLC
> 1025 Connecticut Avenue, N.W.
> Suite 1202
> Washington, D.C. 20036
> Phone: (202) 332-7200
> Fax: (202) 828-1246
> *Counsel for Plaintiff*
>
> Sarah E. Moffett
> LeClairRyan
> 225 Reinekers Lane
> Suite 700
> Alexandria, Virginia 22314
> Phone: (703) 647-5930
> Fax: (703) 647-5980
> *Counsel for Defendant*
> *Southern Maryland Title, LLC*

A true and correct copy of the foregoing **GMAC MORTGAGE, LLC'S MOTION TO DISMISS** was served by first-class mail, postage pre-paid, this 16th day of July, 2008, upon:

> Dimone Long
> 4611 Wheeler Road
> Oxon, Maryland 20745
> *Defendant*
>
> Skyline Mortgage Group
> c/o Corporation Service Company, Registered Agent
> 1090 Vermont Avenue, N.W.
> Washington, DC 20005
> *Defendant*

                                    /s/ Amy S. Owen
                                    Amy S. Owen

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CLENTEOUS MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. <u>RWR08CV1170</u> |
| | ) | |
| DIMONE LONG, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GMAC MORTGAGE, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Clenteous McCoy's ("Plaintiff") Complaint against GMAC Mortgage, LLC ("GMAC") is premised upon Plaintiff's sale of a property located at 820 52nd Street, N.E., Washington, D.C. 20019 (the "Property") to Defendant Dimone Long ("Long"). However, Plaintiff's Complaint makes only conclusory charges against GMAC and fails to allege any specific action taken by GMAC as a part of the sales transaction. As discussed more fully below, GMAC should be dismissed because each of Plaintiff's claims against GMAC is faulty as a matter of law.

**I.    Preliminary Statement**

The Complaint alleges Fraud (Count I), Violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code, sections 28-3901, et seq. (Count II), Violation of the D.C. Loan Shark Act, D.C. Code, sections 26-901, et seq. (Count III), Violation of the D.C. Interest and Usury Law, D.C. Code, section 28-3301 (Count IV), Violation of the D.C. Consumer Credit Services Amendment Act, D.C. Code, sections 28-4601, et seq. (Count V), Violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. Section 2601 et seq. (Count VI), Breach of Fiduciary Duty (Count VII), Conversion (Count VIII), Injurious Falsehood, Disparagement,

and Slander of Title (IX), Unjust Enrichment (Count X), Breach of Contract (Count XI), Gross

Negligence (Count XII), Declaratory Judgment, D.C. SCR Civil Rule 57 (Count XIII) and Quiet

Title (Count XIV) arising out of a transaction involving property located at 820 52nd Street, NE,

Washington, DC 20019 (the "Property"), whereby Plaintiff sold the Property on or about January

20, 2006 to Defendant Dimone Long ("Long"). Counts I, II, IV, VI, VIII, IX, X, XIII, and XIV

are alleged against all Defendants, including GMAC.

Plaintiff's Complaint never once states a specific action taken by GMAC or GMAC's

specific involvement in the transaction. The HUD settlement statement (Exhibit 2) reveals that

Plaintiff Clenteous McCoy was the seller in the transaction at issue; Defendant Dimone Long

was the borrower; Skyline Mortgage Group was the lender; and Southern Maryland Title

Company was the settlement agent. There are no factual allegations or other documents which

show GMAC's involvement in this transaction. Nonetheless, Plaintiff summarily includes

GMAC in his references to "Defendants'" unlawful activity regarding the sales transaction

throughout his Complaint. Because Plaintiff's Complaint does not contain any factual

allegations whatsoever to support any of his claims against GMAC, each of Plaintiff's claims

against GMAC should be dismissed.

## II.    Standard of Review

In evaluating whether to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court is

limited to considering facts alleged in the complaint, any documents attached to or incorporated

in the complaint, matters of which the court may take judicial notice, and matters of public

record. Blue v. Fremont Inv. & Loan, 2008 U.S. Dist. LEXIS 47698 (2008); see E.E.O.C. v. St.

Francis Xavier Parochial Sch., 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997);

Marshall County Health Care Auth. v. Shalala, 300 U.S. App. D.C. 263, 988 F.2d 1221, 1226 n.6

(D.C. Cir. 1993). The court must consider all well-pled allegations in a complaint as true, and

must construe all factual allegations in the light most favorable to the plaintiff. <u>Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.</u>, 525 F.3d 8, 17 (D.C. Cir. 2008) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); <u>Stewart v. Nat'l Educ. Ass'n</u>, 374 U.S. App. D.C. 46, 471 F.3d 169, 173 (D.C. Cir. 2006)); <u>Macharia v. United States</u>, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); <u>Holy Land Found. for Relief & Dev. v. Ashcroft</u>, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003). The court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. <u>Warren v. Dist. of Columbia</u>, 359 U.S. App. D.C. 179, 353 F.3d 36, 39 (D.C. Cir. 2004). A court should dismiss a complaint for failure to state a claim where a defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Warren</u>, 353 F.3d at 37.

As discussed more fully below, the Plaintiff's complaint contains numerous conclusory charges, but no factual allegations to support his claims against GMAC arising from his sale of the Property. For these reasons, each of Plaintiff's claims against GMAC should be dismissed.

## III.    Plaintiff's Fraud Count (Count I) Fails to State a Claim Against GMAC.

Count I of Plaintiff's Complaint alleges that all defendants, including GMAC, acted to commit fraud against Plaintiff. This count should be dismissed as it does not plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b). Rule 9(b)'s particularity requirement "ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated, and protects him against a strike suit brought solely for its settlement value." <u>Shields v. Wash. Bancorp.</u>, 1992 U.S. Dist. LEXIS 4177, 1992 WL 88004, at *4 (D.D.C. Apr. 7, 1992) (Lamberth, J.); <u>see also</u> <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1279 n.3 (D.D.C. 1994) (observing that Rule 9(b) aims to prevent a claim

filed as a "pretext for the discovery of unknown wrongs" (citation omitted)); Vicom, Inc. v.

Harbridge Merch. Servs., 20 F.3d 771, 777-78 (7th Cir. 1994) (recognizing that Rule 9(b) is

largely designed to give each opponent notice of his purported role in the alleged fraud);

DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (same). The

count fails to identify how GMAC engaged in any fraud whatsoever. Plaintiff's only allegations

against GMAC in support of Count I are as follows:

30. Defendants proposed a plan where Plaintiff would refinance his home, improve his credit and not have to pay a mortgage for one year.

32. Defendants knew when it presented the credit improvement plan to the Plaintiff that the arrangement proposed would place Plaintiff in jeopardy of losing his home

33. Defendants never informed the Plaintiff that he transferred title to his home or that there would be any difficulty re-gaining his home.

36. The Defendants and their affiliates aided and abetted each other and have committed acts of intentional misrepresentation, deceit and fraud in preparing and recording the noted documents.

37. The Defendants defrauded Plaintiff by stealing his money, title, and equity in his residence.

38. Defendants Dimone Long, Southern Maryland Title, LLC, Skyline Mortgage Group, and GMAC Mortgage, aided and abetted Defendant Dimone Long to pay, at a minimum, $100,000.00, in cash to themselves from the Plaintiff's funds at the 2006 settlement.

39. The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally, and deceitfully misrepresented and concealed facts regarding their intentions with respect to the Plaintiff's money, residential property, and title, and Plaintiff justifiably relied upon Defendants' willful, deceitful, and deliberate misrepresentations to her detriment.

40. Plaintiff was injured as a result of Defendants' conduct and is entitled to actual and consequential damages.

41. Defendants' conduct was egregious, and was committed in wanton or willful disregard of Plaintiff's rights, warranting the imposition of punitive damages.

"Because the rule is chiefly concerned with the elements of fraud, the circumstances that

the claimant must plead with particularity include matters such as the time, place, and content of

the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud." United States ex rel. Totten v. Bombardier Corp., 351 U.S. App. D.C. 30, 286 F.3d 542, 551-52 (D.C. Cir. 2002); Blue v. Fremont Inv. & Loan, 2008 U.S. Dist. LEXIS 47698 (2008); United States ex rel. Joseph v. Cannon, 206 U.S. App. D.C. 405, 642 F.2d 1373, 1385 (D.C. Cir. 1981). In other words, Rule 9(b) requires that the pleader provide the "who, what, when, where, and how" with respect to the circumstances of the fraud. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), cert. den'd, 498 U.S. 941, 111 S. Ct. 347, 112 L. Ed. 2d 312 (1990) (requiring the pleader to provide the equivalent of a "first paragraph of any newspaper story"). Following the same line of reasoning, a pleading subject to Rule 9(b) scrutiny may not rest on information and belief, but must include an allegation that the necessary information lies within the opponent's control, accompanied by a statement of the facts on which the pleader bases his claim. Kowal, 16 F.3d at 1279 n.3.

Plaintiff's conclusory allegations of GMAC's participation in any fraud are grossly insufficient to meet the legal standard required to plead fraud. There are no facts or allegations in the fraud count or elsewhere in the complaint which identify specific acts taken by GMAC, fraudulent or otherwise. The allegations are insufficient to give GMAC notice of its purported role in the alleged fraud. Vicom, 20 F.3d at 777-78. Accordingly, Count I of Plaintiff's Complaint must be dismissed as to GMAC.

## IV.    Plaintiff's Count for Violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code, sections 28-3901, et seq. (Count II) Fails to State a Claim Against GMAC.

"The Consumer Protection Procedures Act is a comprehensive statute with an extensive regulatory framework designed to remedy all improper trade practices." Bynum v. Equitable Mortg. Group, 2005 U.S. Dist. LEXIS 6363, 54-55 (2005) (quoting Osbourne. v. Capital City Mortgage Corp., 727 A.2d 322, 325 (D.C. 1999)); see also 02/25/03 Order, Dkt. No. 63-1 at 7.

D.C. Code § 28-3901(2) defines "consumer" as:

> a person who does or would purchase, lease (from), or receive consumer goods or services, including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice.

D.C. Code § 28-3901(3) defines "merchant" as:

> a person, whether organized or operating for profit or for a nonprofit purpose, who in the ordinary course of business does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who in the ordinary course of business does or would supply the goods or services which are or would be the subject matter of a trade practice.

D.C. Code § 28-3901(6) defines "trade practice" as:

> any act which does or would create, alter, repair, furnish, make available, provide information about, or, directly or indirectly, solicit or offer for or effectuate, a sale, lease or transfer, of consumer goods or services.

D.C. Code § 28-3904, in pertinent part, states:

> (e) misrepresent as to a material fact which has a tendency to mislead;
> (f) fail to state a material fact if such failure tends to mislead;
>
> (r) make or enforce unconscionable terms or provisions of sales or leases; in applying this subsection, consideration shall be given to the following, and other factors:
>
> (1) knowledge by the person at the time credit sales are consummated that there was no reasonable probability of payment in full of the obligation by the consumer;
>
> (2) knowledge by the person at the time of the sale or lease of the inability of the consumer to receive substantial benefits from the property or services sold or leased;
>
> (3) gross disparity between the price of the property or services sold or leased and the value of the property or services measured by the price at which similar property or services are readily obtainable in transactions by like buyers or lessees;
>
> (4) that the person contracted for or received separate charges

for insurance with respect to credit sales with the effect of making the sales, considered as a whole, unconscionable; and

    (5) that the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reasons of age, physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement, or similar factors;

The CPPA presupposes the existence of a merchant-consumer relationship. Byrd v. Jackson, 902 A.2d 778, 780 (D.C. 2006); see also Howard v. Riggs Nat'l Bank, 432 A.2d 701, 708-09 (D.C. 1981); Athridge v. Aetna Cas. & Sur. Co., 163 F. Supp. 2d 38, 55, aff'd in part, rev'd in part, 359 U.S. App. D.C. 22, 351 F.3d 1166 (2003). Unlike in Byrd, Plaintiff has offered no factual allegations which show that GMAC either advertised or offered any services to him or that any relationship existed between Plaintiff and GMAC during the sales transaction at issue. Byrd, 902 A.2d at 780. In fact, Plaintiff's Complaint does not define GMAC's role in this transaction. Further, Plaintiff does not allege that GMAC committed unfair trade practices. Id. at 782.

Plaintiff fails to specifically allege GMAC's relationship to the other defendants in this matter and how it aided and abetted the other defendants in the commission of fraudulent acts, its involvement in the sales transaction, any misrepresentations it made to Plaintiff, what facts GMAC concealed from Plaintiff, and what misrepresentations GMAC made to Plaintiff on which he relied. Bynum, 2005 U.S. Dist. LEXIS at 56-58. Plaintiff has offered only conclusory allegations unsupported by facts. As such, this count should also be dismissed.

## IV. Plaintiff's Count for Violation of the D.C. Interest and Usury Law, D.C. Code, section 28-3301 (Count IV) Fails to State a Claim Against GMAC.

Plaintiff's Complaint alleging GMAC's violation of the D.C. Interest and Usury Law simply states:

    61. Defendants' failure to reveal and deliver material disclosures to Plaintiff required in connection with the said subject

7

transaction, as outlined in the aforesaid Count III, also violate D.C. Code section 28-3301(f)(3), thereby entitling Plaintiff to actual and punitive damages, plus interest, costs, and attorney's fees.

Under D.C. law, a loan secured by a mortgage or deed of trust violates the Usury Statute if the lender fails to furnish the *borrower* with a separate written statement that complies with the disclosure provision of the Truth in Lending Act ("TILA"). D.C. Code § 28-3301(f)(3) (2008). <u>Williams v. Central Money Co.</u>, 974 F. Supp. 22, 28 (D.D.C. 1997). Plaintiff clearly lacks standing to bring a claim against GMAC under this statutory provision, as the borrower in the transaction at issue is Defendant Dimone Long, and not Plaintiff. <u>See</u> HUD statement attached to Plaintiff's Complaint at <u>Exhibit 2</u>. As Plaintiff lacks standing to bring the claim, Plaintiff's Count IV against GMAC must be dismissed.

**III.    Plaintiff's RESPA Count (Count VI) Fails to State a Claim Against GMAC.**

Plaintiff's RESPA Count against GMAC should also be dismissed as it fails to contain any reference to GMAC and fails to identify how GMAC violated RESPA. While the heading for Count VI references "All Defendants", Plaintiff's allegations in support of the RESPA claim are as follows:

68. The February 2006 equitable mortgage transaction described above, in which Plaintiff deeded her property to Defendant Dimone Long is a loan in the amount of $200,000.00 (*Exhibit 3*) secured by a first lien on a single-family residential property, the proceeds of which should have been used (but, fraudulently, were not) to pay off Plaintiff's mortgage.

69. Upon information and belief, all said Defendants named herein are creditors who make or invest in (equitable) mortgage loans aggregating more than $1,000,000.00 per year.

70. The subject equitable mortgage transaction described above is a "federally related mortgage loan" as defined in 12 U.S.C. Section 2602(l); and therefore is subject to the *Real Estate Settlement Procedures Act* ("*RESPA*"), 12 U.S.C. Section 2601 *et seq*.

71. Each said Defendant violated *RESPA* with respect to Plaintiff's loan transaction by: (a) giving or accepting kickbacks or other things of value to each Defendant and others in violation of 12 U.S.C. section 2607(a) and 24 C.F.R. section 3500.14(c); and

(b) giving a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. Section 2607(a) and 24 C.F.R. Section 3500.14(c).

The sections referenced are as follows:

12 U.S.C. § 2607. Prohibition against kickbacks and unearned fees

(a) Business referrals. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan.

24 C.F.R. Section 3500.14(c). Prohibition against kickbacks and unearned fees.

(c) No split of charges except for actual services performed. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed. A charge by a person for which no or nominal services are performed or for which duplicative fees are charged is an unearned fee and violates this section. The source of the payment does not determine whether or not a service is compensable. Nor may the prohibitions of this Part be avoided by creating an arrangement wherein the purchaser of services splits the fee.

Plaintiff's conclusory allegation of a RESPA violation is insufficient.  There are no allegations relating to GMAC or any alleged involvement by GMAC in the closing process, and no allegations relating to any disclosures due to Plaintiff who, based on the complaint and HUD attached as Exhibit 2, was the seller, not the borrower, in the transaction.

## IV.    Plaintiff's Conversion Count (Count VIII) Fails to State a Claim Against GMAC.

Plaintiff's claim against GMAC for conversion arises from Plaintiff's allegation that "Defendants" acted to exclude Plaintiff's rights from the cash proceeds from settlement. "Conversion has generally been defined as any unlawful exercise of ownership, dominion or

control over the personal property of another in denial or repudiation of his rights thereto." Flocco v. State Farm Mut. Auto. Ins. Co., 752 A.2d 147 (D.C. 2000) (quoting Chase Manhattan Bank v. Burden, 489 A.2d 494, 495 (D.C. 1985) (internal citations omitted); Bynum v. Equitable Mortgage Group, 2005 U.S. Dist. LEXIS 6363 (2005).

However, Plaintiff again fails to offer facts specifically alleging GMAC's unlawful exercise of ownership, dominion or control over the settlement proceeds.  The conclusory allegations of conversion offered by Plaintiff are insufficient to sustain the claim and warrant a dismissal as to GMAC.

**IV.    Plaintiff's Injurious Falsehood, Disparagement, and Slander of Title Count (Count IX) Fails to State a Claim Against GMAC.**

Plaintiff's Complaint also alleges a claim for injurious falsehood, disparagement, and slander of title against all defendants, including GMAC.  Injurious falsehood is also known as "disparagement of property," "slander of goods," and "trade libel." Art Metal-U.S.A., Inc. v. United States, 244 U.S. App. D.C. 1, 753 F.2d 1151 (D.C. Cir. 1985).  "The claim of injurious falsehood protects against false statements that disparage plaintiff's interest in, or the quality of the plaintiff's land, chattels, or intangibles. To state a claim, plaintiff must allege pecuniary harm resulting from defendant's unprivileged publication of false statements, with knowledge or reckless disregard of the falsity, concerning the plaintiff's property or product." Golden Palace, Inc. v. Nat'l Broadcasting Co., 386 F. Supp. 107, 109 (D.D.C. 1974), *aff'd without opinion*, 530 F.2d 1094 (D.C. Cir. 1976); System Operations, Inc. v. Scientific Games Development Corp., 555 F.2d 1131, 1141 (3d Cir. 1977).  Plaintiff specifically alleges that:

> 86. On or about February 2006 Defendants, including Defendants Dimone Long, Southern Maryland Title Group, Skyline Mortgage Group, and GMAC Mortgage published and recorded or caused to be published and recorded a Deed in the name of Defendant Dimone Long, and such deed was false and encumbered Plaintiff's property.

87. Defendants acted with malice and reckless disregard for the truth upon recording the said false deed in the name of Dimone Long when Defendants knew the deed purported to remove Plaintiff's name from the title for the subject property and Defendants knew the deed would operate to falsely attached (sic) liens on the Plaintiff's property.

88. As a result, Plaintiff's credit report has been further damaged and Plaintiff lost title to his home and its value due to the false deed.

However, a key fact missing from Plaintiff's Complaint is GMAC's alleged role in the publication or recording of the deed, particularly since GMAC was not involved in the sales transaction relating to the Property. As stated above, the HUD settlement statement (Exhibit 2) relating to the transaction reveals that Plaintiff Clenteous McCoy was the seller in the transaction; Defendant Dimone Long was the borrower; Skyline Mortgage Group was the lender; and Southern Maryland Title Company was the settlement agent. There are no allegations or documents which show that GMAC was involved in this transaction in any manner. Plaintiff's inclusion of GMAC in his Complaint is not based in fact, but instead solely on conclusory allegations. As such, the Court should dismiss this count against GMAC.

## IV. Plaintiff's Unjust Enrichment Count (Count X) Fails to State a Claim Against GMAC.

Plaintiff also alleges that "Defendants" were unjustly enriched and in support of his claim states that "Defendants enjoy a benefit conferred upon them by the Plaintiff in the form of real property, record title and/or money belonging to and/or provided by the Plaintiff, but misappropriated by the Defendants." (Compl. ¶ 90). "Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055 (D.C. 2008) (quoting News World Commc'ns, Inc. v. Thompsen, 878 A.2d 1218, 1222 (D.C. 2005) (citation omitted)); see also Jordan Keys &

Jessamy v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 63 (D.C. 2005) ("Unjust enrichment

occurs when a person retains a benefit . . . which in justice and equity belongs to another.").

However, once again, Plaintiff is unable to demonstrate GMAC's involvement in the transaction

or that an actual benefit was conferred on GMAC. Plaintiff has not adequately stated a claim for

unjust enrichment against GMAC and the count therefore must be dismissed.

**IV.    Plaintiff's Count Seeking a Declaratory Judgment Pursuant to D.C. SCR Civil Rule 57 (Count XIII) Fails to State a Claim Against GMAC.**

Plaintiff claims that he is entitled to a declaratory judgment as to "[a]ll Defendants":

> 110. Pursuant to D.C. SCR Civil Rule 57, Plaintiff is entitled to a
> judgment declaring her (sic) rights and responsibilities under
> the contracts between the parties and further settling the legal
> relations of the parties.

Plaintiff's claim for a declaratory judgment must also be dismissed because Plaintiff's

Complaint, including the exhibits attached thereto, does not show the existence of a contract

between Plaintiff and GMAC or that any legal relationship exists between the two. Therefore,

Plaintiff has not provided the Court with a basis to declare that such a relationship exists or that

contractual rights are derived from it or owed to Plaintiff.

**IV.    Plaintiff's Quiet Title Count (Count XIV) Fails to State a Claim Against GMAC.**

Plaintiff's Complaint concedes that he needed money to stop a foreclosure on his home

(Compl. ¶ 8), that Plaintiff signed documents to sell his home (Exhibit 2, Compl. ¶ 11) and in

exchange received $6,000 (Compl. ¶ 12); and that he was able to remain in the home for over a

year after the sale of the Property to Long (Compl. ¶ 15). Plaintiff now apparently seeks to void

the Skyline Mortgage Group deed of trust on the Property and claim an "unencumbered equitable

and legal title". However, Plaintiff is not entitled to an "unencumbered equitable and legal title"

since he received and retained substantial benefits from the sell of the Property. As Plaintiff's

Complaint has failed to state any claim upon which relief could be granted, Plaintiff's quiet title count must also be dismissed. <u>In re Tyree,</u> 493 A.2d 314 (D.C. App. 1985).

**VI.    Conclusion**

For the reasons stated above, GMAC Mortgage, LLC requests that the Court dismiss GMAC from this action with prejudice.

Respectfully submitted,

Dated: July 16, 2008

_____/s/ Amy S. Owen_____
Amy S. Owen (#411601)
Kimberly L. Cole (#495147)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)
aowen@cochranowen.com
kcole@cochranowen.com

*Counsel for GMAC Mortgage, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **GMAC MORTGAGE, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address on this 16th day of July, 2008:

> **EMAIL DELIVERY**
> Dawn R. Jackson
> Baylor & Jackson, PLLC
> 1025 Connecticut Avenue, N.W.
> Suite 1202
> Washington, D.C. 20036
> Phone: (202) 332-7200
> Fax: (202) 828-1246
> *Counsel for Plaintiff*
>
> Sarah E. Moffett
> LeClairRyan
> 225 Reinekers Lane
> Suite 700
> Alexandria, Virginia 22314
> Phone: (703) 647-5930
> Fax: (703) 647-5980
> *Counsel for Defendant*
> *Southern Maryland Title, LLC*

A true and correct copy of the foregoing **GMAC MORTGAGE, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS** was served by first-class mail, postage pre-paid, this 16th day of July, 2008, upon:

> Dimone Long
> 4611 Wheeler Road
> Oxon, Maryland 20745
> *Defendant*
>
> Skyline Mortgage Group
> c/o Corporation Service Company, Registered Agent
> 1090 Vermont Avenue, N.W.
> Washington, DC 20005
> *Defendant*

> _____/s/ Amy S. Owen_____
> Amy S. Owen

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CLENTEOUS MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. <u>RWR08CV1170</u> |
| | ) | |
| DIMONE LONG, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Upon consideration of the Defendant GMAC Mortgage, LLC's Motion to Dismiss, its

Memorandum of Points and Authorities in Support thereof, and the record hereto, it is hereby

**ORDERED**, that the Motion to Dismiss is granted, and this matter shall be, and hereby

is, DISMISSED WITH PREJUDICE as to Defendant GMAC Mortgage, LLC.


July ___, 2008                    _____
                                        Judge Richard W. Roberts



Copies to:

Amy S. Owen
Kimberly Cole
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182

Dawn R. Jackson
BAYLOR & JACKSON, PLLC
1025 Connecticut Avenue, N.W.
Suite 1202
Washington, D.C. 20036
*Counsel for Plaintiff*

Sarah E. Moffett
LECLAIRRYAN
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
*Counsel for Defendant*
*Southern Maryland Title, LLC*

Dimone Long
4611 Wheeler Road
Oxon, Maryland 20745
*Defendant*

Skyline Mortgage Group
c/o Corporation Service Company, Registered Agent
1090 Vermont Avenue, N.W.
Washington, DC 20005
*Defendant*